JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MIRIAM NARAMORE, Administrator of the Estate of DONALD NARAMORE, deceased | DAIMLER TRUCKS NORTH AMERICA, LLC |
| **(b)** County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Benjamin E. Baker, Jr.<br>Beasley Allen Crow Methvin Portis & Miles<br>218 Commerce Street, Montgomery AL 36103-4160 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☒ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332

Brief description of cause:
Motor vehicle accident / wrongful death

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 08/17/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

   A lawsuit has been filed against you.

   Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

   If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **MIRIAM NARAMORE, Administrator of the Estate of Donald Naramore, deceased,** § § § § § § § § § § § § § § § | |
| Plaintiff, | |
| vs. | **CIVIL ACTION NO.:** 1:18-CV-00156 |
| **DIAMLER TRUCKS NORTH AMERICA, LLC, A foreign limited liability corporation,** | |
| Defendant. | |

**COMPLAINT FOR WRONGFUL DEATH**

COMES NOW the Plaintiff, Miriam Naramore, wife and Administrator of the Estate of Donald Naramore, deceased, and files this Complaint for Wrongful Death against the Defendant, Daimler Trucks North America, LLC ("Daimler") and shows unto the Court as follows:

**Statement of the Parties**

1. Plaintiff is an individual over the age of nineteen (19) and is a resident of Henry County, Alabama. The deceased, Donald Naramore, was a resident of Henry County, Alabama at the time of his death.

2. Defendant, Daimler Trucks North America, LLC (hereinafter referred to as "Daimler"), previously known as Freightliner LLC, upon information and belief, is a foreign limited liability company, with its principle offices in Portland, Oregon. The Defendant, Daimler, is registered to do business in the State of

Georgia and was actually doing business in the State of Georgia at all times relevant to this lawsuit. Daimler's registered agent of service in Georgia is C.T. Corporation located at 289 S. Culver Street, Lawrenceville, GA 30046-4805.

3. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 in that complete diversity exists between the parties of this action and the matter in controversy exceeds the sum of $75,000.00.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), (c)(2) and (d). The cause of action for this case arose in this Court's judicial district/division. Daimler does continuous and systematic business in this judicial district such that it is subject to this Court's personal jurisdiction including but not, vehicle sales and service, parts sales and correspondence and recall notices to dealers and consumers within the district.

## **The Product**

5. The product involved in this action is a 2000 Freightliner truck, VIN # 1FUYTWDB9YHF44899.

## **Statement of the Facts**

6. On October 17, 2017, Donald Naramore was operating a 2000 Freightliner heavy duty tractor and trailer combination along S.R. 370 in Early County, Georgia, near mile marker 5.

7. While operating the 2000 Freightliner, the truck left the pavement and rolled over. At the time of the wreck, Mr. Naramore was a properly-belted passenger.

8. The 2000 Freightliner truck was designed, engineered, manufactured and marketed by Freightliner, currently a division of Daimler and/or the predecessor to Freightliner LLC. The truck, particularly the roof and cab structure, were in substantially the same condition as when originally sold.

9. As a direct and proximate result of the defective condition of the cab of the 2000 Freightliner truck made the basis of this suit, as well as the negligent, willful and wanton conduct of the Defendant, Mr. Naramore suffered injuires that resulted in his death.

10. The subject truck cab was at the time of the accident in substantially the same design and condition as it was when it was originally manufactured, sold and placed into the stream of commerce.

## COUNT I

### (Strict Liability / Design Defect)

11. Plaintiff incorporates as if realleged fully herein paragraphs 1 – 10 above.

12. Daimler through its Freightliner division, designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed and sold the truck cab made the basis of this action.

13. The subject truck cab was defectively designed and unreasonably dangerous because the truck cab is not suitable for its intended purpose and did not provide adequate crashworthiness safety for occupants in the event of a foreseeable rollover event. The risk of injury and death to truck occupants in a foreseeable rollover outweigh the utility of the Defendant's chosen design. In

fact, Defendant was aware of the existence of reasonably available and safer designs and design processes to insure adequate crashworthiness of its cabs at the time the subject truck cab was produced.

14. Prior to the manufacturer of the subject cab, Freightliner had participated in a multi-year heavy truck crashworthiness study with other heavy truck manufacturers that had determined cab strength for roll over safety needed to be increased by 240% to provide adequate protection to occupants in rollover events.

15. The subject Freightliner truck cab was defectively designed in at least the following ways at the time it was sold, for which Daimler is strictly liable:

   a. Daimler/Freightliner failed to incorporate by design, technologically and economically available safer designs that would provide adequate crashworthiness and protect occupants in the event of a foreseeable rollover event;

   b. Daimler/Freightliner failed to adequately warn the decedent, other consumers, or the public in general about the unsafe and defective condition and design of the truck cab known to Daimler, such that individuals like the decedent could make informed and prudent decisions regarding traveling or riding in such truck cab;

c. Daimler/Freightliner failed to implement safe, technologically feasible, and economically practical alternative designs, which would have mitigated or cured the design defects noted above;

d. Daimler/Freightliner failed to hold paramount the safety, health, and welfare of the public when designing the truck made the basis of this suit;

e. Daimler/Freightliner failed to eliminate through design hazards that it recognized to be associated with the use of its products;

f. Daimler/Freightliner failed to protect, guard or warn consumers against hazards it recognized to be associated with the use of its products; and

g. Daimler/Freightliner failed to complete an adequate risk/hazard analysis of potential harm to consumers when the subject truck cab experienced a rollover event.

16. As a direct and proximate result of the design defects in the subject Freightliner truck cab, Donald Naramore, deceased, suffered fatal injuries and damages for the loss of life in the 2000 Freightliner truck cab during the rollover accident.

## COUNT TWO

### (Negligence and/or Wantonness of Defendant)

17. Plaintiff incorporates as if re-alleged fully herein paragraphs 1-15 above.

18. Daimler/Freightliner owed a duty of care to the decedent and the consumer public in general to design and sell a reasonably safe truck cab and to warn about dangers in the model truck that Daimler Freightliner was aware of and/or subsequently became aware of.

19. Daimler/Freightliner had a duty to hold paramount the safety, health, and welfare of the public in designing the truck cab made the basis of this suit.

20. Daimler/Freightliner had a duty to eliminate, through design, hazards it recognized to be associated with the use of the truck cab made the basis of this suit.

21. Daimler/Freightliner had a duty to protect or guard consumers against hazards it recognized to be associated with the use of its products if it was able to eliminate the hazard through design.

22. Daimler/Freightliner had a duty to warn consumers of hazards recognized to be associated with the use of its product before and after introduction of the truck cab to the public if such recognized hazards could not be designed out or guarded against.

23. Daimler/Freightliner breached its duty of care in one or more of the following respects:

    a. Daimler/Freightliner negligently and/or wantonly failed to design the subject truck cab to be reasonably safe during a foreseeable rollover event;

b.  Daimler/Freightliner negligently and/or wantonly failed to adequately warn the decedent, other consumers, or the public in general about the unsafe and defective condition and design of the truck cab known to Daimler/Freightliner or which Daimler/Freightliner subsequently learned of, such that individuals like the decedent could make informed and prudent decisions regarding traveling or riding in such trucks; more specifically, but not limited to, Daimler/Freightliner failed to warn the decedent that the subject truck cab would not provide adequate protection or crashworthiness during a foreseeable rollover event;

e.  Daimler/Freightliner negligently and/or wantonly failed to implement safe, technologically feasible, and economically practical alternative designs and processes which would have mitigated or cured the defective conditions of the truck cab; and

f.  Daimler/Freightliner negligently and/or wantonly failed to complete an adequate hazard analysis and risk assessment for potential harm to consumers when the truck cab made the basis of this suit was designed, sold and/or manufactured without technologically and economically feasible alternative designs.

24. Daimler/Freightliner acted with such willful, wanton, and reckless indifference, demonstrating an entire want of care for the safety and well-being of victims like Donald Naramore and others so as to evidence a conscious indifference to the consequences of its acts in designing and/or manufacturing the subject truck cab.

25. As a direct and proximate result of Daimler's negligence and/or wantonness, Donald Naramore, deceased, suffered fatal injuries and damages for loss of life in the 2000 Freightliner truck cab during the rollover accident.

## COUNT THREE
### (Wrongful Death)

26. Plaintiff incorporates as if re-alleged fully herein paragraphs 1-23 above.

27. At the time of his death, Donald Naramore was 67 years old. Plaintiff, Miriam Naramore, brings this action as wife of the deceased for the full value of the life of Donald Naramore.

## COUNT FOUR
### (Injuries and Damages)

28. Plaintiff incorporates as if re-alleged fully herein paragraphs 1-25 above.

29. Miriam Naramore, as Administrator of the Estate of Donald Naramore, deceased, has standing to recover for the wrongful death of the deceased.

30. As a direct and proximate result of the negligence and misconduct of Defendant, as well as the unsafe and unreasonably dangerous Freightliner truck cab, Donald Naramore was killed, and Miriam Naramore, as Administrator,

is entitled to recover from the Defendant damages for pain and suffering of the deceased.

## COUNT FIVE
### (Punitive Damages)

31. Plaintiff incorporates as if re-alleged fully herein paragraphs 1-28 above.

32. Daimler/Freightliner was aware long before this incident occurred that its product, would be used by drivers over the roads and highways.

33. Daimler/Freightliner was aware long before this incident occurred that the subject model Freightliner truck cab was defective and dangerous in the event of a foreseeable rollover event. Despite its knowledge, Daimler/Freightliner did nothing to remedy or mitigate such problems and defects so that innocent victims like Donald Naramore would not be injured or killed even after leaving that cab strength needed to be increased by 240%.

34. Despite its knowledge of the dangerous defects in the Freightliner truck cab, Daimler/Freightliner did nothing to warn its customers of the problems so as to afford innocent victims like Donald Naramore needed information to avoid being injured or killed.

35. As a result of the Daimler's callous, wanton, or reckless indifference to the safety and well-being of the consumer public, users and occupants of the Freightliner truck cab, numerous victims have been injured, maimed, or killed in Freightliner truck cab rollover accidents over time, and people continue to be injured, maimed and killed in such incidents even today.

9

36. There is clear and convincing evidence that Daimler/Freightliner acted with such willful, wanton, and reckless indifference, demonstrating an entire want of care for the safety and well-being of victims like Donald Naramore and others so as to evidence a conscious indifference to the consequences of its acts and thereby demand an award of punitive damages against Daimler, pursuant to O.C.G.A. §51-12-5.1, that will punish it for the harm it has caused and that will deter it from similar future misconduct.

## PRAYER FOR RELIEF

37. Plaintiff incorporates as if re-alleged paragraphs 1-34 above.

38. Plaintiff, Miriam Naramore, as Administrator of the Estate of Donald Naramore, deceased, seeks to recover all special and general damages from the Defendant to the full extent allowable under Georgia law, including damages for pain, suffering, fright, mental anguish, funeral expenses and any medical expenses incurred.

39. The Plaintiff, Miriam Naramore, as Administrator of the Estate of Donald Naramore, deceased, seeks to recover punitive damages from the Defendant for its willful and wanton conduct, in an amount sufficient to punish Defendant for what it has done to the decedent, and to deter it from continuing to cause harm to others.

40. The Plaintiff, Miriam Naramore, as Administrator of the Estate of Donald Naramore, deceased, demands damages in an amount equal to the full value of Donald Naramore's life as provided under Georgia law.

## **JURY DEMAND**

**Plaintiff hereby demands trial by jury on all issues of this cause.**

      a.     That the Plaintiff have a trial by jury;

      b.     That all costs be taxed against the Defendant;

      c.     For such other and further relief as is just and appropriate.

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

/s/ Benjamin E. Baker, Jr.
BENJAMIN E. BAKER, JR.
Georgia Bar No. 032926

Attorney for Plaintiff

OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P. C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343

**SERVE DEFENDANT AS FOLLOWS:**

Daimler Trucks North America, LLC
c/o CT CORPORATION SYSTEM			(Registered Agent)
289 S. Culver Street
Lawrenceville, GA 30046-4805